PENTON IMPORTS COMPANY, APPELLEE, *v.* COLLINS, TAX
COMMR., APPELLANT.

[Cite as Penton Imports Co. v. Collins (1976),
46 Ohio St. 2d 346.]

(No. 76-16—Decided June 8, 1976.)

*McCray, Muzilla, Morey & Smith Co., L. P. A., Mr. Thomas J. Smith* and *Mr. David A. Myers*, for appellee.

*Mr. William J. Brown*, attorney general, and *Mr. John C. Duffy, Jr.*, for appellant.

*Per Curiam.* The question presented here is the same as was presented to this court in *Columbus Steel Supply Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 258: Whether the taxpayer has acted upon the imported merchandise in such a way as to cause it to lose its import character under the Import Clause, Section 10 of Article I of the United States Constitution.

The imported merchandise involved here was segregated and separately maintained in a warehouse much as the pipe in *Columbus Steel Supply* was segregated and separately stacked in a storage yard. The fact of separate maintenance of the imported merchandise was not significant for resolution in *Columbus Steel Supply* and is not significant here. Of importance is the fact of the separation, sorting or segregation of items comprising the commercial unit of importation, be they separately wrapped motorcycles or separately cartoned boxes or cartons containing parts and accessories. As was stated in *Columbus Steel Supply*, at page 263, "* * * it is our opinion that each item * * * which arrived in a shipment was an integral part of the aggregate which composed the commercial unit, and that when an item * * * was separated from the commercial unit, or was sorted or segregated from other items comprising the commercial unit, the original package was broken or 'opened.' "

348

*Columbus Steel Supply* recognized that the original-package doctrine requires, in the final analysis, an evidentiary determination for ascertainment of when imported merchandise was so acted upon as to cease its tax immunity. The relevant facts here, however, are so closely allied to those in *Columbus Steel Supply* as to make application of the syllabus therein imperative.

In the case at bar, the subject imported merchandise was so acted upon as to become, in the language of the syllabus in *Columbus Steel Supply,* "* * * incorporated and mixed up with the mass of property in this country, and thus subject to taxation by this state * * *." The decision of the Board of Tar Appeals modifying the tax assessments as aforesaid is unreasonable and unlawful, and it is reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.